UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:12-cv-710 |
| v. | ) ) | |
| O'REILLY AUTOMOTIVE STORES, INC. d/b/a O'REILLY AUTO PARTS, | ) ) ) | **COMPLAINT** (Jury Trial Demanded) |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on disability and to provide appropriate relief to Heath Craft ("Craft"), a qualified individual with a disability, who was adversely affected by such practices. The plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") alleges that defendant O'Reilly Automotive Stores, Inc., d/b/a O'Reilly Auto Parts ("O'Reilly"), violated the ADA by denying Craft a reasonable accommodation that would have allowed him to continue his employment and then firing him because of his disability.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Wisconsin.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with administering, interpreting and enforcing Title I of the ADA, and is expressly authorized to bring this suit by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, O'Reilly has continuously been a Missouri corporation doing business in the State of Wisconsin and the City of Beloit, and has continuously had at least 15 employees.

5. At all relevant times, O'Reilly has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, O'Reilly has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days before institution of this suit, Heath Craft filed a charge with the EEOC alleging that O'Reilly violated Title I of the ADA.

8. On September 6, 2011, the EEOC found reasonable cause to believe that O'Reilly had discriminated against Craft in violation of the ADA.

9. Also on September 6, 2011, the EEOC invited Craft and O'Reilly to engage in conciliation to try to resolve their dispute short of litigation.

10. On February 27, 2012, the EEOC informed Craft and O'Reilly that the EEOC had not been able to secure from O'Reilly a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Since at least March 2011, O'Reilly has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by discharging him because of his disability.

13. Craft has a physical impairment – seizure disorder – which substantially limits him in the major life activity of brain functioning, and constitutes a "disability" under § 3 of Title I of the ADA, 42 U.S.C. § 12102.

14. At all relevant times, Craft was qualified to perform the essential functions of his job of store manager with or without a reasonable accommodation.

15. In February 2011, Craft was diagnosed with seizure disorder. On or about March 9, 2011, Craft produced a notice of his impairment to O'Reilly and requested a leave of absence from March 9, 2011, to April 4, 2011, for treatment related to his disability.

16. Even though O'Reilly received notice of Craft's request for a reasonable accommodation of a medical leave of absence, it did not seriously engage him in an interactive process about his leave request and discharged him on March 31, 2011.

17. The effects of the practices complained of in Paragraphs 12-16 above have been to deprive Craft of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

18. The unlawful employment practices complained of in Paragraphs 12-16 above were intentional and were carried out with malice and/or reckless indifference to Craft's federally-protected rights.

19. The effects of the practices complained of in Paragraphs 12-16 above have been to inflict emotional pain, suffering, and inconvenience upon Craft and deprive him of the financial and other benefits of working for O'Reilly.

PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining O'Reilly and its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability.

B. Order O'Reilly to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order O'Reilly to make Craft whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order O'Reilly to make Craft whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses and medical expenses, in amounts to be determined at trial.

E. Order O'Reilly to make Craft whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, and mental anguish, in amounts to be determined at trial.

F. Order O'Reilly to pay Craft punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        P. David Lopez
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY
            COMMISSION
        131 M Street, N.E.
        Washington, DC 20507

Dated: September 27, 2012    s/ *John C. Hendrickson*_____
        John C. Hendrickson
        Regional Attorney

Dated: September 27, 2012    s/ *Jean P. Kamp* _____
        Jean P. Kamp
        Associate Regional Attorney

        EEOC Chicago District Office
        500 West Madison Street, Suite 2000
        Chicago, IL 60661
        *Telephone*: (312) 869-8105
        *Fax*: (312) 869-8124
        *E-mail*: john.hendrickson@eeoc.gov
        *E-mail*: jean.kamp@eeoc.gov

Dated: September 27, 2012   *s/ Dennis R. McBride*
                                               Dennis R. McBride (WI Bar No. 1000430)
                                               Senior Trial Attorney

                                               EEOC Milwaukee Area Office
                                               310 West Wisconsin Avenue - Suite 800
                                               Milwaukee, WI  53203-2292
                                               *Telephone*:   (414) 297-4188
                                               *Fax*:             (414) 297-3146
                                               *E-mail*:   dennis.mcbride@eeoc.gov